**UNITED STATES of America,**
**Plaintiff and Appellee,**

v.

**ONE 1974 JEEP, SERIAL NUMBER J4F835TE17237, CALIFORNIA LICENSE NUMBER 903 KDM, its tools and appurtenances, Defendant and Appellant.**

**No. 74–3144.**

United States Court of Appeals,
Ninth Circuit.

June 15, 1976.

the vehicle pursuant to 49 U.S.C. § 782. The trial court entered judgment for plaintiff and the defendant appeals. We affirm.

Appellant argues that the conduct by agents of the Drug Enforcement Administration (DEA) bars the forfeiture action because it constitutes either entrapment or an analogous defense applicable in a forfeiture proceeding.

The facts were as follows. Customs agents discovered cocaine during a routine inspection of incoming foreign mail. DEA agents then arranged for a pickup notice to be sent to the addressee, one Piccot. Under surveillance by the DEA, Piccot took delivery of the package at the Fairfax, California post office and drove away with it in the Jeep. DEA agents then stopped the Jeep, arrested Piccot and seized 350 grams of cocaine. On these facts the court found for the plaintiff in the forfeiture proceeding.

The arrangements made by DEA agents to effect controlled delivery of the package of cocaine fall considerably short of the type of government conduct that might be the basis for an entrapment defense. *Hampton v. United States,* —— U.S. ——, 96 S.Ct. 1646, 48 L.Ed.2d 113, 44 U.S. L.W. 4542 (1976). Indeed, the procedures here employed were lawful, efficient and proper in all respects. Accordingly we find it unnecessary to determine whether or not conduct constituting entrapment might be the basis for a defense in a forfeiture proceeding.

Appellant further contends that the Jeep was not used to transport "contraband" within the meaning and intent of the applicable statutes. The substance of appellant's argument is that the cocaine lost its "contraband" character when it was seized by the government. According to appellant, since the possession by Piccot was under the dominion and control of the government, no property rights could accrue to Piccot and no penalties may be

Ronald Winchell (argued), San Francisco, Cal., for defendant and appellant.

Dennis Michael Nerney, Asst. U. S. Atty. (argued), San Francisco, Cal., for plaintiff and appellee.

OPINION

Before CHOY and KENNEDY, Circuit Judges, and NIELSEN,* District Judge.

PER CURIAM:

The United States brought this action against one 1974 Jeep, seeking forfeiture of

---

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

assessed which are based on such consensual possession. Thus, the Jeep was used to transport "government property." Appellant attempts to draw an analogy between contraband property and stolen property which ceases to be "stolen property" once it is restored, even temporarily, to its owner.[1] It contends that the cocaine was no longer contraband because it had been discovered and inspected by the authorities.

49 U.S.C. § 781(b) defines "contraband article" as "(1) Any narcotic drug . . . which has been acquired or is possessed . . . in violation of any laws of the United States dealing therewith . . .". Piccot did not acquire the drug through authorized channels, see 21 U.S.C. § 844(a), but through unlawful importation in violation of 21 U.S.C. § 952(a). He was convicted therefor. The government's discovery and inspection of the drug did not affect the cocaine's continued status as a "contraband article" within the meaning of the statute. See Armada v. United States, 319 F.2d 793, 797 (5th Cir. 1963).

 Appellant finally argues that the government agents failed to follow 19 U.S.C. § 482 and 19 C.F.R. § 145.59 requiring them to impound the unlawful imported cocaine after finding it. Since as a direct result of this failure the cocaine was placed in the Jeep by Piccot, appellant contends this should preclude the operation of the forfeiture statute.

19 U.S.C. § 482 provides that a customs agent shall seize and secure for trial merchandise which he believes to be subject to duty or to have been unlawfully introduced into the United States. 19 C.F.R. § 145.59 provides that when a parcel is found to contain material imported contrary to law, the merchandise is subject to seizure.

In *United States v. Davis*, 272 F.2d 149 (7th Cir. 1959), the court found that no violation of 19 U.S.C. § 482 occurred when the customs agent did not immediately seize contraband upon discovery. The court noted that requiring the agent to do so would deprive federal officers of a most effective method of obtaining evidence which is "clearly a result contrary to congressional intent." The court further stated that assuming the law was violated, "[n]one of [the statutes allegedly violated] conferred rights upon appellant. The allegedly illegal course of conduct of the agents neither deprived appellant of any substantial personal right nor violated any deep-rooted social value." *Id.* at 153. We agree. The Jeep was properly subject to forfeiture.

AFFIRMED.

---

1. Appellant cites *Regina v. Dolan,* 6 Cox.Crim. Cas. 449 (Eng.1855) and *People v. Jaffe,* 185 N.Y. 497, 78 N.E. 169 (1906).