**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eddie Everett GONZALES,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Cecil Charles STINE and Edward Kilpatrick, Defendants-Appellants.**

**Nos. 76–1446, 76–1492.**

United States Court of Appeals,
Ninth Circuit.

July 27, 1976.

As Amended Aug. 10, 1976.

Rehearing and Rehearing En Banc
Denied Sept. 15, 1976.

James P. F. Egbert (argued), Tucson, Ariz., for defendant-appellant in No. 76–1446.

Charles P. Stirton (argued), of Laber, Lovallo & Colarich, Tucson, Ariz., for defendant-appellant in No. 76–1492.

Christopher Pickrell (argued), Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

## OPINION

Before BARNES and KENNEDY, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

Appellants were convicted of conspiracy to counterfeit United States currency, 18 U.S.C. §§ 371, 471; possession of similitudes of United States currency, *id.* § 474; and executing a print, photograph or impression in the likeness of United States currency, *id.*

Two government agents, Richardson and Feltman, joined the operation after it had been under way, but prior to any actual printing. The agents were actively involved in purchasing ink and other supplies, as well as a functioning press to replace a defective one previously acquired by the appellants. They also prepared the photostatic negatives and participated in the operation of the press which produced the similitudes. Appellants do not argue that they were entrapped. They concede that they were predisposed to commit the offense; an entrapment defense is therefore foreclosed to them. *Hampton v. United States,* —— U.S. ——, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); *United States v. Gonzales,* 537 F.2d 1051 (9th Cir. 1976).

Appellants do argue, however, that the involvement of the government agents in the printing of the similitudes was so unfair as to violate due process. Interpreting the Supreme Court's recent entrapment decision we have held:

> *Hampton* left open the possibility that the conviction of a predisposed defendant may be reversed where the government's involvement in the criminal scheme reaches such an outrageous level as to violate due process. —— U.S. —— [at ——], 48 L.Ed.2d 113, 96 S.Ct. 1646 [at 1650], 44 U.S.L.W. at 4544 (Powell J., concurring); *id.* —— U.S. [at ——, 96 S.Ct. 1646 at 1652], 48 L.Ed.2d 113, 44 U.S. L.W. at 4546 (Brennan J., dissenting).

*United States v. Gonzales, supra,* at 1055. In this case, however, as in *Gonzales,* the conduct of the undercover agents was not improper. It is not improper for law enforcement agents to infiltrate criminal rings and gain the confidence of the participants. Nor is it impermissible to supply some item of value toward the perpetration of the criminal enterprise, for "an agent will not be taken into the confidence of the illegal entrepreneurs unless he has something of value to offer them." *United States v. Russell,* 411 U.S. 423, 432, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973). The involvement of the agents in this case did not constitute action *malum in se, see United States v. Hampton, supra,* —— at ——, —— & nn. 4, 6 & 7, 96 S.Ct. 1650, 1652 &

* Honorable William G. East, United States District Judge for the District of Oregon, sitting by designation.

nn.4, 6 & 7 (Powell J., concurring), nor can it be said that they engineered and directed the criminal enterprise from start to finish. *See id.*, at —— & n.3, 96 S.Ct. at 1648 & n.3, *citing Greene v. United States*, 454 F.2d 783 (9th Cir. 1971). Only such extreme conduct could arguably constitute a due process violation. Appellants here can only complain that they were taken in by the agents' well practiced disguise. The Constitution, however, does not guarantee would-be criminals that they will be safe from errors in judgment. The law enforcement actions here fell well within the bounds of propriety. No due process violation occurred.[1]

■ Appellants Stine and Kilpatrick contend that Count III of the indictment, charging them with making a photograph or engraving in the likeness of an obligation of the United States, should have been dismissed because only one side of the counterfeit bills was actually printed prior to arrest. While concededly this would fall within the language of 18 U.S.C. § 474, since duplication of a portion of a bill is sufficient to violate that section, appellants argue that failure to include the phrase "or any part thereof" in the indictment[2] requires proof of the duplication of an entire bill, and hence the printing of only one side does not satisfy the charge. The statute, however, prohibits not only the printing, but also the photographing of obligations. As part of the counterfeiting process, appellants had made photographs of the front and the back of a $100 bill. The negatives thus obtained were used in printing the false bills. These negatives together constituted a photograph of an entire bill, and hence omission of the phrase "or any part thereof" in the indictment is of no consequence. We need not therefore consider whether the printing of one side of the bills was sufficient to constitute an offense under the charges specified in the indictment.[3]

■ Appellants Stine and Kilpatrick argue that the participation of the agents in the printing process constituted an authorization by the Treasury to produce these

1. The question of whether the agents' actions were a violation of due process was one of law, and properly determined by the district court. Appellant Gonzales' contention that the district court erred by failing to submit the question to the jury is therefore without merit.

2. Section 474 provides in pertinent part:

   Whoever prints, photographs, or in any other manner makes or executes any engraving, photograph, print, or impression in the likeness of any such obligation or other security, *or any part thereof*, or sells any such engraving, photograph, print, or impression, except to the United States, or brings into the United States, any such engraving, photograph, print, or impression, except by direction of some proper officer of the United States . . . [s]hall be fined not more than $5,000 or imprisoned not more than fifteen years, or both. (emphasis added).

   Count III of the indictment charged:
   EDDIE EVERETT GONZALES, CECIL CHARLES STINE, ROBERT EDWARD KILPATRICK . . . on or about May 16, 1975, at Tucson, Arizona, in the District of Arizona, did print, photograph and execute an engraving, photograph, print and impression in the likeness of an obligation issued under the authority of the United States, to-wit: a $100 denomination Federal Reserve Note, all in violation of Title 18, United States Code, Section 474.

3. Appellants cite *United States v. Johnson*, 434 F.2d 827, 829 (9th Cir. 1970) for the proposition that counterfeit bills printed on only one side, having smears of ink, and consisting of poor quality paper are not, as a matter of law, sufficiently similar to support a conviction of possession of counterfeit currency. That case, however, appellants recognize, was decided under 18 U.S.C. § 472. That section deals with the possession and utterance of counterfeit bill with intent to defraud. In such cases, of course, the fact that the quality of the bill is so poor as to preclude the possibility of successfully passing it as genuine bears heavily on the issue of the defendant's intent. Since § 472 purports to punish only possession with fraudulent intent, the fact that the bill is one which is incomplete or of poor quality negates the inference of intent to defraud that would normally be drawn from possession of such a bill.

   The court in *Johnson* was careful to distinguish offenses falling under § 474, which it noted had a much broader sweep. 434 F.2d at 829–30. Appellants' argument that failure to include the phrase "or any portion thereof" makes the *Johnson* standard applicable to § 472 misconstrues the holding of *Johnson*. The similarity required by *Johnson* grows out of the specific language of § 472 and the strict scienter requirement it imposes, and it simply has no application to offenses charged under the broader provision of § 474.

bills under the fifth and sixth paragraphs of § 474. This argument is without merit. *Cf. United States v. One 1974 Jeep*, 536 F.2d 1285 at 1286 (9th Cir. 1976). Appellant Gonzales' argument that the court improperly instructed the jury that they were not to consider the fairness of the Government's conduct is equally without merit. The court's explanation of the role of undercover activity in law enforcement was properly designed to give the jury a perspective on the procedures here employed. We find no error.

AFFIRMED.