UNITED STATES of America, Plaintiff,

v.

Carlos MARCELLO, Samuel Orlando Sciortino, and Phillip Rizzuto, Defendants.

No. Cr. EJD–81–720.

United States District Court, C. D. California.

Feb. 12, 1982.

---

14. See file 4 of the exhibits to the State's Supplemental Response to the United States' Interrogatories.

15. *Ibid*, n.12.

Andrea Sheridan Ordin, U. S. Atty., James D. Henderson, Bruce J. Kelton, Los Angeles Strike Force, Dept. of Justice, Los Angeles, Cal., for U. S.

Arthur A. Lemann, III, and Provino C. Mosca, New Orleans, La., for defendant Marcello.

Richard Caballero, Beverly Hills, Cal., for defendant Sciortino.

Thomas R. Dyson, Jr., Washington, D. C., for defendant Rizzuto.

DEVITT, Senior District Judge.

Before the court are several post-trial motions brought by the defendants in this matter. Defendants were indicted on July 23, 1981 with a conspiracy to bribe United States District Judge Harry Pregerson in violation of 18 U.S.C. §§ 371 and 201(b); with aiding and abetting each other in a corrupt endeavor to influence Judge Pregerson in the discharge of his official duties in violation of 18 U.S.C. §§ 1503 and 2; and with use of interstate telephones in violation of 18 U.S.C. §§ 1952 and 2. Trial commenced on November 30, 1981, and a jury verdict was returned on December 11, 1981. The jury found defendant Marcello guilty on all three counts, found defendant Sciortino guilty on Count 2 and was unable to reach a verdict as to Counts 1 and 3; and found defendant Rizzuto guilty on Counts 1 and 2 and not guilty on Count 3.

Defendants Marcello and Rizzuto move for a judgment of acquittal pursuant to Fed.R.Crim.P. 29(c). Alternatively, defendant Marcello moves for an arrest of judgment pursuant to Fed.R.Crim.P. 34.[1] All defendants move for a new trial pursuant to Fed.R.Crim.P. 33.

---

1. This motion will be considered in connection with defendant's motion to dismiss the indictment inasmuch as one of the grounds for the latter motion—that the government improperly manufactured federal jurisdiction—is the same as asserted here.

## MOTION FOR JUDGMENT OF ACQUITTAL

■ Defendants Marcello and Rizzuto move for entry of a judgment of acquittal on the ground that there was insufficient evidence to sustain a guilty verdict. The test to be applied to determine the sufficiency of evidence to support a conviction has been stated as follows:

[V]iewing the evidence in a light most favorable to the government as prevailing party, is the court satisfied that the jurors reasonably could decide that they would not hesitate to act in their own serious affairs upon factual assumptions as probable as the conclusions that the defendant is guilty as charged?

*United States v. Kaplan*, 554 F.2d 958, 963 (9th Cir. 1977) (citation omitted). Application of this test to the evidence in this case leaves this court with the firm conviction that the evidence was sufficient to sustain the jury verdict.

## MOTION FOR A NEW TRIAL

Defendant Rizzuto moves for a new trial on the ground that denial of his motion for a severance pursuant to Fed.R.Crim.P. 14 so prejudiced his right to a fair trial as to amount to a denial of due process. Specifically, Rizzuto contends he was entitled to severance because he was a peripheral defendant in the crimes charged, he was improperly convicted due to guilt by association, that the admission of evidence of other crimes as to the other defendants unfairly prejudiced him, and that his defense was inconsistent with that of his codefendants. Defendant Sciortino joins in this motion.

■ As a general rule, defendants who are jointly charged are to be jointly tried. *E.g., United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). The defendants must show a denial of a substantive right by reason of a joint trial. *See, id.* Here the verdict demonstrates that the jury was able to compartmentalize the evidence as it related to each defendant. *See, Id.* There were no objections relevant to this motion as to the manner in which the jury was instructed, and there is no indication that

the jury failed to listen to or follow the court's instructions. *See id.* at 1201–02. Accordingly, the defendants are not entitled to a new trial on the ground that the court abused its discretion in failing to grant the motions for severance.

■ Defendant Marcello, joined by defendant Sciortino, moves for a new trial on the ground that the jury selection process was inherently unfair and prejudicial. Specifically, defendants assert that the court's failure to rule prior to trial on a motion *in limine* to exclude any reference in the evidence to the Mafia or organized crime, made it necessary for the defendants to request voir dire of the prospective jurors regarding the Mafia and organized crime. Defendants argue that this voir dire irretrievably contaminated the jury with the notion that the defendants were organized criminals, and in view of the fact that express references to the Mafia and organized crime were not admitted into evidence, a new trial should be granted.

At the time the defendants made the motion *in limine* to exclude references to the Mafia from evidence, the court was not in a position to rule on the admissibility of the anticipated evidence because it was not possible to place the evidence in a proper context for a ruling. Moreover, the defendants expressed the same concern with reference to evidence regarding government informant Jimmy "The Weasel" Fratianno. Counsel expressly voiced concern that references to Fratianno would cause the jury to connect these defendants to the Mafia or organized crime. References to Fratianno were admitted into evidence at trial.

Notwithstanding any failure to rule *in limine*, the defendants have made no showing that they were denied a fair and impartial jury. Defendants are entitled to a fair and impartial jury; there is nothing in the record to suggest that this jury was anything but that. *See Murphy v. Florida*, 421 U.S. 794, 799–802, 95 S.Ct. 2031, 2035–37, 44 L.Ed.2d 589 (1975). Accordingly, defendants are not entitled to a new trial on the ground that the jury was irretrievably contaminated during the voir dire.

402

Defendants Marcello and Sciortino also assert as a ground for a new trial that the court erred in refusing to grant a mistrial when the jury indicated it was unable to reach a verdict, and when the jury requested reinstruction on the law at several points during their deliberations. At the time the jury reported it could not reach a verdict, it was given the modified *Allen* charge approved by the American Bar Association on Minimum Standards for Criminal Justice. The giving of this charge did not contravene the law in the Ninth Circuit, and there is no evidence that anything that occurred during deliberations had a coercive effect on the jury. *See United States v. Mason*, 658 F.2d 1263 (9th Cir. 1981). Nor does this court agree that the jury was "utterly confused" about the law in this case. Defendants are not entitled to a new trial on this ground.

Accordingly, defendants' motions for judgments of acquittal and for new trials are hereby DENIED.