**UNITED STATES of America, Plaintiff,**

v.

**Carlos MARCELLO, Samuel Orlando Sciortino, and Philip Rizzuto, Defendants.**

No. Cr. EJD–81–720.

United States District Court, C.D. California.

Aug. 15, 1983.

Stephen S. Trott, U.S. Atty. by James D. Henderson, Los Angeles Strike Force, Dept. of Justice, Los Angeles, Cal., for the U.S.

Arthur A. Lemann, III, New Orleans, La., for defendant Marcello.

Donald B. Marks, Beverly Hills, Cal., for defendant Sciortino.

Thomas R. Dyson, Jr., Washington, D.C., for defendant Rizzuto.

## MEMORANDUM AND ORDER

DEVITT, Senior District Judge.

This matter is before the court on defendants' motion for an evidentiary hearing pursuant to *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) and a new trial under Rule 33, Federal Rules of Criminal Procedure. They claim newly discovered evidence shows contamination of the government's wiretap evidence used at trial, and they reassert their claim of outrageous government conduct. Basically, it is claimed that former F.B.I. agent *H. Edward Tickel* unlawfully entered defendant Marcello's fishing camp in Louisiana in January 1980 and that this tainted the wire and microphone evidence utilized at trial.

While all three defendants join in the motion, it is doubtful that Sciortino and Rizzuto have standing to move to suppress under *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), or *Franks v. Delaware, supra,* because neither of them had a legitimate Fourth Amendment expectation of privacy as to Marcello's fishing camp. *See United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

The government has responded to defendants' motion with sworn affidavits of F.B.I. agents *Leake, Hughes* and *Walker* which contradict the hearsay statement of defendant Rizzuto's attorney, Thomas R. Dyson, Jr., that former agent *Tickel* did unlawfully enter Marcello's camp. *Tickel* has not stated by affidavit that he entered the camp. His F.B.I. conferees at the time have made sworn statements which persuade that he did not do so. I conclude from the evidence submitted that *Tickel* did not unlawfully enter Marcello's camp.

But assuming the unlawful entry as claimed, there is no showing that the entry resulted in the government's obtaining, or using, any information or evidence obtained from that entry. It is not disputed that electronic surveillance was never activated at Marcello's camp. The allegations of wrongdoing are imprecise and conclusory. It might well be asked—if *Tickel* did enter the camp illegally, what of it? What harm did this occasion Marcello or the other defendants?

Such interceptions as were obtained and used at trial pursuant to the January 15, 1980 order were based, the affidavit sup-

porting the order reflects, upon independent, untainted information obtained prior to the alleged *Tickel* entry, and hence, support the court's finding of probable cause. *See Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 392, 40 S.Ct. 182, 183, 64 L.Ed. 319 (1920); *United States v. Vicknair,* 610 F.2d 372, 381–82 (5th Cir.1980). Hence, there has been no showing to justify granting the motion on the "poisonous tree" doctrine of *Wong Sun v. United States, supra.*

■ Again, assuming the truthfulness of the *Tickel* unauthorized entry, there has been no showing that the failure to report this to the judge was a "material omission" under the *Franks v. Delaware* decision, *supra.* There must be a substantial preliminary showing under *Franks* that there were omissions and that such omissions were intentional or occurred because of reckless disregard of the truth, and that the information omitted was material to the finding of probable cause. *Id.,* 438 U.S. 155–56, 98 S.Ct. at 2676. The affidavits of F.B.I. agents *Leake, Hughes* and *Walker* reflect that these co-workers at the time had no knowledge of the claimed misconduct of former F.B.I. agent *Tickel,* although they were in a position to observe it, and thus negate any claim of intentional omission. Also, there has been no showing that such claimed omission would have prompted the issuing judge to determine that probable cause was lacking. The issuing judge based his probable cause finding on information totally unrelated to the fishing camp incident.

■ Regarding the Rule 33 motion for a new trial, it is well-settled that new trials on the grounds of newly discovered evidence are not favored by the courts and should be viewed with great caution. *See* Wright, *Federal Practice and Procedure: Criminal 2d* § 557 (1982). Compliance with exacting standards is required. *Id.* The so-called "Berry Rule" states four requirements, the most salient of which is that it must be shown that the claimed evidence will probably produce an acquittal. *Id.* (citing *Berry v. State,* 10 Ga. 511, 527 (1851)).

No showing of any kind has been made as to this requirement. It is inconceivable that the claimed unlawful entry of *Tickel* into Marcello's fishing camp, even if it happened, would probably produce an acquittal where evidence as to such entry is weak and unverified, and where no information was obtained from such incursion, or much less, used at trial, and where, independent of such, probable cause for issuance of the warrants was based on very adequate, independent and untainted information.

I am fully satisfied that there is no merit to the contentions of defendants, and the motions for an evidentiary hearing and for a new trial are DENIED.