UNITED STATES of America,
Plaintiff/Appellee,

v.

Carlos MARCELLO,
Defendant/Appellant.

UNITED STATES of America,
Plaintiff/Appellee,

v.

Samuel Orlando SCIORTINO,
Defendant/Appellant.

UNITED STATES of America,
Plaintiff/Appellee,

v.

Phillip RIZZUTO, Defendant/Appellant.

Nos. 82–1276, 83–5217, 82–1275, 83–5218,
82–1274 and 83–5219.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 19, 1983.

Decided April 18, 1984.

Dept. of Justice, James D. Henderson, Los Angeles, Cal., for plaintiff/appellee.

Arthur A. Lemann, III, New Orleans, La., for Marcello.

Donald B. Marks, Anthony P. Brooklier, Marks & Brooklier, Beverly Hills, Cal., for Sciortino.

Thomas R. Dyson, Jr., Washington, D.C., for Rizzuto.

Before McWILLIAMS * and McKAY,* Circuit Judges, and CHRISTENSEN,** District Judge.

McWILLIAMS, Circuit Judge:

Nos. 82–1274, 82–1275, and 82–1276

Carlos Marcello, Samuel Orlando Sciortino, and Phillip Rizzuto were jointly charged in a three-count indictment with conspiring to bribe and influence a federal judge. Specifically, count one of the indictment charged the three defendants with conspiring to bribe a public official in violation of 18 U.S.C. § 371 and 18 U.S.C. § 201.

* Honorable Robert H. McWilliams and Honorable Monroe G. McKay, United States Circuit Judges for the Tenth Circuit, sitting by designation.

** Honorable A. Sherman Christensen, United States District Judge for the District of Utah, sitting by designation.

Count two charged that they corruptly endeavored to influence an officer of a court in violation of 18 U.S.C. § 1503. Count three charged them with interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952. The three defendants were jointly tried, and the jury found Marcello guilty on all three counts. Sciortino was convicted only on count two, endeavoring to influence an officer of a court and obstructing justice, the jury being unable to agree on a verdict on counts one and three. Rizzuto was convicted on counts one and two, conspiracy to bribe and obstructing justice, and acquitted on count three, interstate travel in aid of racketeering. All three appealed their respective convictions and the sentences imposed thereon. We affirm.

The government's theory of the case was that the three defendants participated in a conspiracy to bribe a federal judge who was presiding over a criminal trial in which one of the defendants, Sciortino, was a defendant.[1] Marcello and Sciortino asserted the defense of entrapment. Rizzuto's defense was that he was only an innocent bystander to any scheme, and was not a knowing participant therein.

As stated, trial of this case was to a jury, sitting in the United States District Court for the Central District of California, the Honorable Edward J. Devitt, Senior Judge of the United States District Court for the District of Minnesota, presiding. In connection with pre-trial and post-trial matters, Judge Devitt authored four memorandum opinions and orders which now appear in *Federal Supplement*. In chronological order those memoranda are as follows:

(1) *United States .v. Marcello*, 531 F.Supp. 1113 (C.D.Cal.1982), which pertains to the district court's denial of the defendants' pre-trial motion to suppress;

(2) *United States v. Marcello*, 537 F.Supp. 399 (C.D.Cal.1982), which pertains to defendants' post-trial motions for judgments of acquittal and for new trials;

(3) *United States v. Marcello*, 537 F.Supp. 402 (C.D.Cal.1982), which pertains to defendants' pre-trial motion to dismiss the indictment for governmental overreaching, ruling on which was deferred until after trial; and

(4) *United States v. Marcello*, 568 F.Supp. 738 (C.D.Cal.1983), which pertains to defendants' post-trial motion for a new trial based on newly discovered evidence.

In resolving the present appeals, we propose to rely on the published memorandum opinions and orders of the trial court where possible, to the end that we shall not repeat here that which is already fully set forth in the district court's memoranda. Accordingly, we shall not summarize in any great detail the evidence adduced at trial. The reader of this opinion is referred to the several memorandum opinions of the trial court for such material, particularly, *United States v. Marcello*, 537 F.Supp. 402, 404–06 (C.D.Cal.1982).

The matters urged on appeal by the defendants as ground for reversal will be considered on an individual basis.

## Marcello

### I.

The primary ground urged for reversal by Marcello is that the government's investigatory conduct amounted to entrapment as a matter of law, and, alternatively, that the government's conduct during the investigatory process was so outrageous and overreaching that his Fifth Amendment right to due process was violated. The district court, after a post-trial evidentiary hearing, rejected these arguments. *Marcello*, 537 F.Supp. 402. We agree with the district court's analysis of the matter.

Application of the entrapment defense is determined by well established legal principles. The Supreme Court has defined the parameters of the entrapment defense in four leading cases. *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48

---

1. The conspiracy was never carried through to fruition, and indeed, the judge, who was the object of the conspiracy, was himself totally unaware of even the existence of the conspiracy.

L.Ed.2d 113 (1976); *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). These cases establish guidelines which govern our review of the evidence which the defendant argues establishes entrapment as a matter of law.

■ "It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution." *Sorrells*, 287 U.S. at 441, 53 S.Ct. at 212. Entrapment occurs when a defendant who was not predisposed to commit the crime does so as a result of the government's inducement. The entrapment defense thus focuses on "the intent or predisposition of the defendant to commit the crime." *Russell*, 411 U.S. at 429, 93 S.Ct. at 1641.

■ In the instant case, the district court, based on the record made at trial, refused to hold that there was entrapment as a matter of law, and submitted the matter to the jury under appropriate instructions. Although there may be instances where the undisputed facts establish the entrapment defense as a matter of law, as in *Sherman*, 356 U.S. at 373, 78 S.Ct. at 821, or where the evidence is simply insufficient to submit the issue to the jury, *see, e.g. United States v. Payseur*, 501 F.2d 966 (9th Cir.1974), entrapment is generally a jury question. *See United States v. Lentz*, 624 F.2d 1280 (5th Cir.1980), *cert. denied*, 450 U.S. 995, 101 S.Ct. 1696, 68 L.Ed.2d 194 (1981). In this case, the district court properly determined that the undisputed facts did not establish entrapment as a matter of law and that the evidence was sufficient to submit the issue to the jury.

Regardless of whether there was entrapment, Marcello argues alternatively that the conduct of government agents during the investigatory stages was so overreaching and outrageous in nature that his due process rights under the Fifth Amendment were violated. Such is not our view

of the matter. We agree with the district court's analysis of the conduct of the two undercover FBI agents and their informant, Joseph Hauser. *Marcello*, 537 F.Supp. 402.

The Supreme Court has observed that due process may bar a conviction where the government's involvement in a criminal enterprise has become sufficiently outrageous and shocking to the universal sense of justice. *Hampton*, 425 U.S. at 488–91, 96 S.Ct. at 1649–50; *Russell*, 411 U.S. 431–32, 93 S.Ct. 1642–43. The Ninth Circuit has also recognized that a criminal defendant may have a due process defense when the government's involvement has been sufficiently outrageous. *United States v. McQuin*, 612 F.2d 1193 (9th Cir.), *cert. denied*, 445 U.S. 955, 100 S.Ct. 1608, 63 L.Ed.2d 791 (1980); *United States v. Prairie*, 572 F.2d 1316 (9th Cir.1978); *United States v. Gonzales*, 539 F.2d 1238 (9th Cir. 1976).

■ The Ninth Circuit has previously held that it is not improper to infiltrate criminal rings and gain the confidence of the participants. *Gonzales*, 529 F.2d at 1239. The government may employ undercover tactics to infiltrate criminal ranks and may rely on paid informants in order to locate and arrest criminals. *McQuin*, 612 F.2d at 1195–96; *Prairie*, 572 F.2d at 1319. The informant and the undercover agent must be permitted, within reason, to assume identities that will be convincing to the criminal elements they have to deal with. *McQuin*, 612 F.2d 1195–96.

■ In their brief, counsel for Marcello virtually concede that the conduct of the government's agents through the October 25th meeting involving Hauser and all three defendants probably did not constitute overreaching or outrageous conduct, but assert that the conduct of Hauser at the October 29th meeting between himself and the one defendant, Sciortino, went way beyond the permissible and constituted a violation of due process. Such is not our understanding of the October 29th meeting between Hauser and Sciortino. According

to defense counsel, Hauser, on that occasion, violated the defendants' due process rights by explicitly informing Sciortino that *unless* Sciortino offered a bribe to the judge who was presiding over his case the judge would, in effect, "throw the book at him."

Such may be counsel's interpretation of the October 29th meeting, but our reading of the record does not indicate that such a threat, even a veiled one, was made. Hauser did say that the judge in question did not trust Sciortino, that the judge had accepted a bribe in another case, and that if the judge received an art object or a painting, Sciortino would not go to jail, which statements were, of course, untrue and a part of the fictional scenario. The testimony concerning the October 29th meeting between Hauser and Sciortino cannot be read in isolation, and must be considered in the light of what went before, and after, that particular meeting. Considering the evidence in that light, the trial court properly rejected Marcello's argument. *Marcello*, 537 F.Supp. at 408–09.

## II.

■ Marcello's next ground for reversal is that the trial court erred in denying his pre-trial motion to suppress certain evidence acquired as a result of an electronic surveillance. The argument is that the affidavits which supported the court orders authorizing such surveillance contained intentional misrepresentations or omissions of material facts. In connection with his motion to suppress, Marcello asked that he be given an evidentiary hearing, which request the trial court denied.

*Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) requires a trial court, under certain circumstances, to conduct an evidentiary hearing and thus inquire into the validity of an affidavit offered in support of an application for a search warrant. In *Franks*, the Supreme Court made the following comment which has present pertinency:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.... Finally, if these requirements are met, and if, when the material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required....

*Id.* at 171, 98 S.Ct. at 2684.

The trial court in the instant case carefully considered Marcello's motion to suppress, and declined to permit an evidentiary hearing into the matter, and denied the motion. In thus holding, the trial court held that the threshold requirements enunciated in *Franks* had not been met. *Marcello*, 531 F.Supp. 1113. We are in full accord with the district court's analysis and the conclusion reached in connection with the motion to suppress.

## III.

■ In a pre-trial motion, Marcello asked that James B. Henderson and Bruce J. Kelton, Special Attorneys in the Department of Justice, be disqualified from prosecuting the case on the grounds that they had "monitored" the investigation conducted by the two undercover agents and their informant, Joseph Hauser, and hence, they, the government attorneys, might be potential witnesses at the trial of the case. We note, parenthetically, that this fear never materialized, and that neither Henderson nor Kelton testified at trial. The district court denied this motion.

Federal courts have condemned the practice of a government prosecutor testifying at a trial in which he is participating as counsel. *United States v. Tamura*, 694 F.2d 591 (9th Cir.1982); *United States v. West*, 680 F.2d 652 (9th Cir.1982). How-

ever, this practice is not of concern in this case where the prosecutors were not called to testify.

## IV.

■ Marcello's final argument is that there is insufficient evidence to support his conviction on counts two and three of the indictment. In this regard, counsel reiterates what is perhaps the central theme in his brief, namely, that when the "sun set on October 25, 1979, these defendants had not committed a crime" and that the most which could be said for the government's case as of that date was that there was perhaps an "effort" to influence the judge, but not one to do so "corruptly." Such may be counsel's interpretation of the evidence, but this is not the only interpretation of events. The evidence is, in our view, such as to permit the jury to infer that their "efforts" were "corrupt," and not innocent in nature. There were numerous contacts between Hauser and these defendants, commencing October 4, 1979, and continuing until the latter part of November, 1979, at which time Hauser entered prison to commence serving a sentence imposed on him by a federal judge in Arizona. *See Marcello,* 537 F.Supp. at 404–06.

Also, in this same general connection, Marcello, in a post-trial motion, asked the district judge to enter a judgment of acquittal on the ground that there was insufficient evidence to sustain a guilty verdict on any count. The district judge denied the request, with the comment that he had a "firm conviction" that the evidence was sufficient to support the jury's verdicts. *Marcello,* 537 F.Supp. at 401. We agree.

## Sciortino

### I.

Like Marcello, Sciortino asserts on appeal that the issue of entrapment should not have been submitted to the jury, and that the government's evidence established entrapment as a matter of law. As indicated, *supra,* we disagree with such argument.

■ Alternatively, Sciortino claims that assuming entrapment was not established, government overreaching was of such a serious nature as to require a dismissal of the indictment. As concerns both the questions of entrapment and overreaching, Hauser's conduct was such as to permit the fact finder to infer that he did not "coerce" the defendants, but merely "tempted" them with an "opportunity" and that they "took the bait." *Hampton,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113; *Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366; *United States v. Wylie,* 625 F.2d 1371 (9th Cir.1980), *cert. denied,* 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981); *United States v. Batres-Santolino,* 521 F.Supp. 744 (N.D.Cal.1981).

## Rizzuto

### I.

■ Rizzuto, who was convicted on counts one and two, and acquitted on count three, claims, on appeal, that there is insufficient evidence to sustain his conviction on counts one and two. We disagree.

Rizzuto is Sciortino's cousin, and it was Rizzuto who first mentioned to Marcello the name of the federal judge who was scheduled to preside over Sciortino's trial. He was present at the meeting held on October 25, 1979, in Louisiana in the home of Marcello's brother where he participated in a discussion regarding the possibility of offering a bribe to the federal judge. *United States v. Marcello,* 537 F.Supp. at 405. The trial judge was of the definite view that the evidence was sufficient to sustain Rizzuto's conviction. *Marcello,* 537 F.Supp. at 401. We agree that the evidence established that Rizzuto was a participant, and not an innocent bystander, in the conspiracy.

### II.

■ Prior to trial, Rizzuto moved to have his trial severed from that of Marcello's and Sciortino's. The district court denied the motion, and such is now assigned as error. Under the government's theory

of the case, which now must be accepted, the defendants jointly participated in a conspiracy which had as its object the bribing of a federal judge. Joint participation in a criminal activity generally means a joint indictment and a joint trial. *United States v. Escalante,* 637 F.2d 1197 (9th Cir.), *cert. denied,* 449 U.S. 856, 101 S.Ct. 154, 66 L.Ed.2d 71 (1980); *United States v. Gay,* 567 F.2d 916 (9th Cir.), *cert. denied,* 435 U.S. 999, 98 S.Ct. 1655, 56 L.Ed.2d 90 (1978); *United States v. Silla,* 555 F.2d 703 (9th Cir.1977). The fact that there may be more incriminating evidence against one defendant than there is against another, is insufficient to justify a separate trial for the latter. *United States v. Brady,* 579 F.2d 1121 (9th Cir.1978), *cert. denied,* 439 U.S. 1074, 99 S.Ct. 849, 59 L.Ed.2d 41 (1979); *United States v. Gaines,* 563 F.2d 1352 (9th Cir.1977); *United States v. De Larosa,* 450 F.2d 1057 (3d Cir.1971), *cert. denied,* 405 U.S. 927, 92 S.Ct. 978, 30 L.Ed.2d 800 (1972). We find no abuse of discretion on the part of the trial court in denying Rizzuto's motion for a severance.

### III.

Rizzuto also relies on the "governmental overreaching" argument, which argument has been previously discussed and rejected.

All judgments affirmed.

Nos. 83–5217, 83–5218, and 83–5219

While their direct appeals from their respective convictions were pending in the Ninth Circuit, Marcello, Sciortino, and Rizzuto filed a joint motion in the trial court seeking a new trial on the grounds of newly discovered evidence, pursuant to Fed.R. Crim.P. 33. In that same motion, the defendants, in a sense, renewed their request that an evidentiary hearing under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) be held in connection with the affidavits offered in support of certain electronic surveillance orders. In support of this motion, counsel submitted a memorandum of points and authorities. The government responded to the defendants' motion with several sworn affidavits which directly contradicted the hearsay allegations in the motion. After hearing, the trial court, on August 15, 1983, denied the defendants' motion for a new trial and a *Franks* evidentiary hearing. The present appeals are from that order of the trial court.

Oral argument was held in connection with the direct appeals on August 19, 1983, four days after the trial court denied defendants' motion for a new trial. On that occasion, defense counsel advised the panel hearing the direct appeals that they intended to appeal, though they had not then done so, the trial court's order denying their request for a new trial. Counsel indicated that although the issues which would be raised in the second set of appeals would be, of course, at least somewhat related to the issues raised on direct appeal, they nonetheless desired to file separate and additional briefs, though at the same time they indicated that additional oral argument would not be necessary. Briefs have now been filed, and this Court now shares the view that additional oral argument is not necessary, nor would it be particularly helpful. Hence, the matters raised in this second set of appeals, which by order of court have been consolidated with the three direct appeals, are ready for disposition.

█ In denying the defendants' motion for new trial and a *Franks* evidentiary hearing, the trial court entered a written Memorandum and Order, which now appears as *United States v. Marcello,* 568 F.Supp. 738 (C.D.Cal.1983). We are in accord with the views expressed by the trial court in its memorandum, and on that basis we affirm. Again, defendants failed to make the threshold showing which, under *Franks,* might trigger an evidentiary hearing concerning the allegations in the affidavits. And the alleged "new evidence" in the instant case, i.e., that a former FBI agent unlawfully entered Marcello's fishing camp in Louisiana but obtained nothing which was used at trial, is, in reality, no evidence at all.

All judgments affirmed.