**UNITED STATES, Appellee,**

v.

**Douglas J. HEBERT, Specialist Four, U. S. Army, Appellant.**

**No. 29,766.**

U. S. Court of Military Appeals.

July 25, 1975.

*Colonel Victor A. DeFiori, Lieutenant Colonel James Kucera, Major Richard J. Goddard,* and *Captain John R. Osgood* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Captain Robert P. Terzian, Captain Joel M. Martel, Captain Richard A. Kirby,* and *Captain Richard S. Kleager* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

Urging that his plea of guilty to wrongful distribution of marihuana was improvident,[1] appellant contends that the stipulation of fact introduced at trial and the extenuation and mitigation testimony of his first sergeant reasonably raised the defense of entrapment. *Compare United States v. Bueno,* 447 F.2d 903 (5th Cir. 1971), *cert. denied,* 411 U.S. 949, 93 S.Ct. 1931, 36 L.Ed.2d 411 (1973) *with United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), *and United States v. Garcia,* 23 U.S.C.M.A. 403, 50 C.M.R. 285, 1 M.J. 26 (1975).[2]

In pertinent part, the stipulation indicated that an informer acting on behalf of Special Agent Rowe approached appellant and asked him to procure 2 pounds of marihuana. Appellant later advised the informant that he had been unable to make the buy. During the conversation, appellant asked the informer to make a purchase of marihuana in his behalf and handed the informer $800. The informer subsequently arranged a controlled purchase by Agent Rowe of a portion of the marihuana procured by the informer for appellant.[3]

Appellant's first sergeant testified that he believed appellant innocently became involved in the drug transaction and that the informer rather than appellant was the more guilty party.

█ Recently, we held:[4]

The defense of entrapment is not predicated upon the degree of covert police involvement in the criminal activity of the accused; rather, it is rooted in the concept that Government officers cannot instigate the commission of a crime by one who would otherwise remain law abiding. Consequently, the focus of the defense is not upon the Government agent but upon the accused, and the essential inquiry is upon the accused's "intent or predisposition . . . to commit the crime." *United States v. Russell, supra* 411 U.S. at 429, 93 S.Ct. at 1641.

█ Applying the *Garcia* test, the accused's responses during the providence inquiry provide ample evidence of a criminal predisposition. Nothing in the stipulation of fact or the testimony of the accused's first sergeant suggests otherwise. *United States v. Logan,* 22 U.S.C.M.A. 345, 47 C.M.R. 1 (1973). Rather, the stipulation

---

1. *United States v. Roby,* 23 U.S.C.M.A. 295, 49 C.M.R. 544 (1975); *United States v. Logan,* 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973); *United States v. Timmins,* 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972).

2. *See also Sherman v. United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); *United States v. Henry,* 23 U.S.C.M.A. 70, 48 C.M.R. 541 (1974); *United States v. Suter,* 21 U.S.C.M.A. 510, 45 C.M.R. 284 (1972).

3. Under the "objective theory" of entrapment, if government agents supplied the contraband which ultimately formed the basis for a controlled purchase by the government, entrapment would exist as a matter of law. *United States v. Russell,* 411 U.S. 423, 436–450, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973) (dissenting opinions); *United States v. West,* 511 F.2d 1083 (3rd Cir. 1975); *United States v. Bueno,* 447 F.2d 903 (5th Cir. 1971), *cert. denied,* 411 U.S. 949, 93 S.Ct. 1931, 36 L.Ed.2d 411 (1973).

4. *United States v. Garcia,* 23 U.S.C.M.A. 403, 406, 50 C.M.R. 285, 288, 1 M.J. 26, 29 (1975).

clearly indicates that appellant himself arranged to purchase marihuana worth $800. Although he indicated during the providence inquiry that five other individuals had pooled their resources to make the buy, appellant also admitted that his share amounted to 3 pounds. When asked by the military judge whether he intended to profit from the marihuana transaction, appellant responded, "[O]nly enough to make it worth my while." Such a profit motive foreclosed the defense of entrapment absent evidence of conduct by the Government agents which violates " 'fundamental fairness, shocking to the universal sense of justice.' " *United States v. Russell, supra* at 432, 93 S.Ct. at 1643. *Accord, United States v. Spivey,* 508 F.2d 146, 149 (10th Cir. 1975).

Neither the accused's responses during the providence inquiry, the stipulation of fact, nor the testimony of the first sergeant suggests misconduct by Government agents which "is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United States v. Russell, supra* 411 U.S. at 431–432, 93 S.Ct. at 1643.

■ Because the record contains no evidence in "substantial conflict" with appellant's tendered plea of guilty, we conclude that his plea was provident and properly was accepted by the military judge. *United States v. Logan, supra* 22 U.S.C.M.A. at 351, 47 C.M.R. at 3. The decision of the U.S. Army Court of Military Review is affirmed.

**UNITED STATES, Appellee,**