**UNITED STATES**

v.

**Airman First Class Aston R. McLEARY, Jr., FR 101–46–5051, 3d Organizational Maintenance Squadron, Thirteenth Air Force (PACAF).**

**ACM 22101.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 7 June 1976.

Decided 9 Sept. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner, Colonel Robert W. Norris and Lieutenant Colonel Anthony C. Vance, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, JR.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION

LeTARTE, Chief Judge:

Consonant with his pleas, the accused was convicted of an unauthorized absence (Charge I and its specification), housebreaking with intent to commit larceny (Charge II and its specification), and larceny (Additional Charge and its specification), in violation of Articles 86, 130 and 121, Uniform Code of Military Justice, respectively, 10 U.S.C. §§ 886, 930, 921. The approved sentence extends to dishonorable discharge, total forfeitures, confinement at hard labor for two years and reduction in grade to airman basic.

Although this case was submitted to us on the merits, we have detected an issue that warrants discussion.

After the accused indicated his intention to plead guilty to the instant offenses, the military judge conducted an inquiry into his guilt-in-fact, as mandated in *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). That the accused absented himself without authority, as alleged, is manifest from his responses; whether he is criminally responsible for the remaining offenses is not so evident.

The following pertinent facts have been gleaned from the accused's admissions at trial and from a stipulation of fact introduced by the prosecution. At some unspecified time, the accused and two Filipinos agreed to steal Government property located in Building 7620, Clark Air Base, Republic of the Philippines. On 31 March 1976, pursuant to this agreement, the accused used his privately-owned vehicle to drive the Filipinos and another airman into the base. After leaving the Filipinos near Building 7620, the accused and the airman departed the area and returned about 30 minutes later. During the interim, the Filipinos had forcibly entered the building and had removed several items of Government property therefrom. This property was placed in the accused's vehicle. Subsequently, the accused and his passengers were apprehended as they attempted to depart the area.

At first blush, it appears that the accused is unquestionably criminally responsible for committing the offenses in issue, if not as a principal then at least as an aider and abettor. However, an additional factor was elicited from the accused during the *Care* inquiry that must be considered in assessing the providency of his pleas.

After admitting that he had been apprehended by security police with the Government property in his possession, the accused was asked whether the two Filipinos were "working with the Security Police or the OSI." He responded that subsequent to the incident, he had learned that they were. The military judge did not pursue this line of questioning except to ascertain that the accused was aware of the defense of entrapment and had discussed this legal principle with his counsel before rejecting it as a possible defense.

In our opinion, the military judge's questions were insufficient to establish the providency of the accused's plea of guilty to the housebreaking offense. Assuming that the Filipinos were acting as Government agents when they entered Building 7620, the accused would not be criminally responsible for the alleged crime. *United States v. Buck*, 3 U.S.C.M.A. 341, 12 C.M.R. 97 (1953); see *United States v. Tamas*, 6 U.S.C.M.A. 502, 20 C.M.R. 218 (1955); *United States v. Sneed*, 17 U.S.C.M.A. 451, 38 C.M.R. 249 (1968).

In *United States v. Buck*, supra, the Court noted that there are three situations in which persons in authority apparently lend their support to the commission of a crime in order to apprehend an accused. First, ample opportunity is afforded one intent upon committing a crime "to rush to his own destruction, while the authorities, having set a trap, smooth his path, but do not otherwise accelerate his progress." In the second, the individual trapped has also planned the intended crime, but the person "laying the trap overreaches himself to the point of negativing an essential element of the crime, and thus the crime itself." The third situation involves entrapment, where an otherwise innocent man is lured to commit a crime conceived by the authorities.

In the instant case, despite the accused's statement that he was initially "approached" by the Filipinos before the plan was conceived, his responses demonstrate that he was an extremely willing participant in the venture and that he unhesitatingly acquiesced therein. Hence, his decision to forego the defense of entrapment is amply supported by the evidence. *United States v. Garcia*, 23 U.S.C.M.A. 403, 50 C.M.R. 285, 1 M.J. 26 (1975); *United States v. Hebert*, 23 U.S.C.M.A. 499, 50 C.M.R. 579, 1 M.J. 84 (1975); *United States v. Hawkins*, 6 U.S.C.M.A. 135, 19 C.M.R. 261 (1955).

On the other hand, it is equally apparent that the Government agents' participation in the plan did much more than simply smooth the accused's path. Consequently, their conduct falls within the second situation discussed in the *Buck* case.

As indicated above, the accused was not present when Building 7620 was entered. Nevertheless, the trial participants presumed his criminal responsibility for the housebreaking offense on the ground that he was an aider and abettor. But, to constitute one an aider and abettor, and hence liable as a principal, he must share the criminal intent or purpose of the perpetrator. *United States v. Jackson*, 6 U.S.C.M.A. 193, 19 C.M.R. 319 (1955); Manual for Courts-Martial, 1969 (Rev.), paragraph 156.

Therefore, if the participation of the Filipinos in the scheme was directed by Government authorities, their acts in forcibly entering Building 7620 and removing the Government property were not criminal; thus, there was no criminal intent or purpose for the accused to share. In short, their conduct negatived an essential element of the crime, an *unlawful* entry. *United States v. Sneed*, 17 U.S.C.M.A. 451, 38 C.M.R. 249 (1968); *United States v. Buck*, supra.

However, the same reasoning does not apply to the alleged larceny offense. As in the case of housebreaking, no larceny is committed where a Government agent acting as a decoy so participates in the commission of an act as to prevent the accused from doing everything necessary to commit the crime. *United States v. Tamas*, supra; *United States v. Sneed*, supra. Nevertheless, the slightest asportation after the decoy's act is completed is sufficient to establish a wrongful taking. *United States v. Tamas*, supra; *United States v. Buck*, supra. In such event, the Government need only establish that the accused exercised dominion or control over the property after he received the property from the decoy. *United States v. Sneed*, supra; *United States v. Cassey*, 14 U.S.C.M.A. 558, 34 C.M.R. 338 (1964). Hence, the accused's acts of returning to Building 7620, loading the property into his vehicle and attempting to leave the area were sufficient to establish his control over the property with larcenous intent. *United States v. Cassey*, supra; *United States v. Tamas*, supra.

In view of our finding that the accused's plea of guilty to Charge II and its specification was improvident, we would ordinarily set aside the findings of guilty and order a rehearing of the charge. This would permit the Government to establish the exact status of the two Filipinos. In this case, however, such action would be senseless since the allied papers clearly reflect that the Filipinos were acting as

Government agents at the time.[1]  Accordingly, we will dismiss the affected charge and reassess the sentence.

The findings of guilty of Charge II and its specification are hereby set aside and this charge is ordered dismissed.  The remaining findings of guilty are correct in law and fact.  Reassessing the sentence on the basis of the remaining offenses, we find only so much thereof appropriate as provides for bad conduct discharge, confinement at hard labor for 15 months, forfeiture of $240.00 per month for 15 months and reduction in grade to airman basic.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

FORAY, Judge, concurs.

EARLY, Senior Judge, absent.

---

1.  For the purpose of determining the providency of an accused's guilty plea *and for directing appropriate curative action in the event improvidency is found*, we believe the entire record including the allied papers may be reviewed.  Cf. *United States v. Johnson*, 49 C.M.R. 467 (A.C.M.R.1974), aff'd on other grounds, 23 U.S.C.M.A. 416, 50 C.M.R. 320, 1 M.J. 36 (1975).