UNITED STATES, Appellee,

v.

Phillip E. JOHNWELL, Private, U.S. Army, Appellant.

No. 41551.

CM 439627.

U. S. Court of Military Appeals.

Feb. 14, 1983.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Major Joyce E. Plaut* and *Captain James A. McAtamney* (on petition).

For Appellee: *Major John T. Edwards, Major John T. Meixell* and *Captain Eugene R. Milhizer* (on petition).

*Opinion of the Court*

PER CURIAM:

Contrary to his plea, appellant was convicted by a general court-martial with members on a charge and specification alleging the wrongful sale of heroin, in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence to dishonorable discharge, confinement for 3 years, total forfeiture, and reduction to the lowest enlisted grade, was approved by the convening authority. The United States Army Court of Military Review, 11 M.J. 747, affirmed the findings but reduced the sentence to confinement by 4 months.

We can now readily dispose of these four issues on which we granted review:

I

WHETHER THE COURT–MARTIAL LACKED IN PERSONAM JURISDICTION OVER THE APPELLANT DUE TO THE RECRUITER'S MISCONDUCT IN RENDERING ASSISTANCE ON THE ARMED FORCES QUALIFICATIONS TEST AT THE TIME OF APPELLANT'S ENLISTMENT DESPITE THE RECENT CHANGE TO ARTICLE 2, UCMJ.

II

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE DENIED APPELLANT'S MOTION TO DISMISS THE CHARGE AND ITS SPECIFICATION BECAUSE OF A LACK OF IN PERSONAM JURISDICTION.

III

WHETHER THE MILITARY JUDGE ERRED BY SEALING THE SEN-

TENCE ADJUDGED BY THE COURT MEMBERS AND BY SUBSEQUENTLY ANNOUNCING IT WITHOUT THE PRESENCE OF THE MEMBERS. [FOOTNOTE OMITTED.]

## IV

WHETHER THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR BY FAILING TO GIVE THE REQUESTED INSTRUCTION AS TO REASONABLE DOUBT.

Since appellant was convicted of selling heroin, our recent decision in *United States v. McDonagh*, 14 M.J. 415 (C.M.A.1983), decides the first issue against appellant. We need not deal with the second and third issues since reversal is required by resolution of the final issue.

Appellant's trial defense counsel submitted to the military judge a proposed instruction on reasonable doubt which avoided any equation of "reasonable doubt" with "substantial doubt." *See United States v. Salley*, 9 M.J. 189 (C.M.A.1980). Also, the requested instruction was phrased in terms of "a doubt which would cause a reasonably prudent person to hesitate to act in the more important . . . of his own personal affairs." However, the military judge refused to give this instruction and chose instead to give "standard" instructions, which identified "reasonable doubt" with "substantial . . . doubt" and referred to "an abiding conviction . . . such as you would be willing to act upon in the more

weighty and important matters relating to your own affairs." *See United States v. Cotten*, 10 M.J. 260, 262 (C.M.A.1981).

As we recently reiterated in *United States v. Cherry*, 14 M.J. 251 (C.M.A.1982):

The rule stated [*United States v. Cotten, supra*] is that where the trial defense counsel registers his objection to the improper equation of "reasonable doubt" and "substantial doubt" in the instruction to the jury and the case is "highly contested," there will be grave doubt cast as to whether the error is harmless.

Moreover, *Cherry* observed:

In *United States v. Brooks*, 11 M.J. 420 (C.M.A.1981), a majority of this Court formally announced that the rule for prejudice stated in *United States v. Cotten*, 10 M.J. 260 (C.M.A.1981), was retroactive.

*Id.* at 252. Consequently, the conviction must be reversed in the case at bar, which is virtually indistinguishable from *United States v. Cotten, supra*. The instant case also "was a highly contested drug case with controverted testimony . . . and the appellant completely denied the charge"; and so here "a proper jury understanding of 'reasonable doubt' was essential." *

Accordingly, the decision of the United States Army Court of Military Review is reversed and the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

* *United States v. Cotten*, 10 M.J. 260, 262 (C.M.A.1981).