### UNITED STATES

v.

Carlos A. BELTRAN, 264 53 4738, Lance Corporal (E–3), U.S. Marine Corps.

NMCM 82 2669.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 11 Dec. 1981.

Decided 12 Oct. 1983.

LCDR Richard K. Delmar, JAGC, USNR, Appellate Defense Counsel.

LT John M. Feagan, JAGC, USNR, Appellate Defense Counsel.

Paul A. Kiefer, Individual Defense Counsel.

LT Ronald S. Wasilenko, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and MAY and CASSEL, JJ.

PER CURIAM:

Contrary to his pleas, appellant was convicted by a general court-martial of attempted possession, transfer, and sale of cocaine and methaqualone in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880, sale of marijuana in violation of Article 92, UCMJ, 10 U.S.C. § 892, and communicating a threat in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] Members awarded a sentence of confinement at hard labor for four years, total forfeitures, reduction to pay grade E–1, and a dishonorable discharge. The findings and sentence were approved on review below by the officer exercising general court-martial jurisdiction.

This case involves three separate unlawful transactions. Appellant concedes that he participated in these undertakings but asserts the defenses of entrapment and agency. Several of the eleven assignments of error asserted are concerned with issues related to these defenses and to the military judge's instructions thereon. We are not persuaded by the contentions raised in the errors assigned but consider the following assignments to be worthy of comment:[2]

## I

PREJUDICIAL ERROR OCCURRED WHEN THE MILITARY JUDGE INSTRUCTED THE COURT MEMBERS THAT "PROFIT MOTIVE WILL DE-STROY AN ENTRAPMENT DEFENSE" (R. 832), RESPONDED AFFIRMATIVELY WHEN COURT MEMBER FLYNN ASKED THE JUDGE "BEFORE YOU STATED THAT ONCE HE DECIDED TO MAKE A PROFIT THIS TOTALLY WIPES OUT THE DEFENSE OF ENTRAPMENT?" (R. 833), AND AGAIN REEMPHASIZED THE PROFIT MOTIVE TEST OF ENTRAPMENT TO THE MEMBERS SAYING "REMEMBER ALSO THAT PROFIT MOTIVE WILL DESTROY AN ENTRAPMENT DEFENSE." (R. 845). SUCH OVEREMPHASIS OF AN ERRONEOUS TEST OF ENTRAPMENT ENVINCED [SIC] A FAILURE TO PROVIDE PROPER INSTRUCTIONS GIVING THE MEMBERS "MEANINGFUL GUIDEPOSTS" DURING THEIR DELIBERATIONS AND THEREBY IMPERMISSIBLY SKEWING THOSE DELIBERATIONS.

## II

THE MILITARY JUDGE ERRED IN GIVING THE STANDARD "REASONABLE DOUBT" INSTRUCTION CONTAINED IN THE MILITARY JUDGES' GUIDE.

## III

THE PROSECUTION DID NOT ESTABLISH BEYOND A REASONABLE DOUBT THAT APPELLANT WAS NOT ENTRAPPED.

## IV

THE MILITARY JUDGE ERRED IN NOT GIVING THE AGENCY INSTRUCTION FOR ALL SPECIFICATIONS OF CHARGE I AND FOR CHARGE II WHEN HE GAVE FOR SUCH CHARGES AND SPECIFICA-

---

1. Appellant was also charged with larceny in violation of Article 121, 10 U.S.C. § 921, UCMJ, but the military judge granted a motion for a finding of not guilty to the charge.

2. The assignments of error discussed in this opinion are denominated as Assignments of Error I, IV, VI, and VII, respectively, in the appellate briefs.

TIONS THE AIDING AND ABETTING INSTRUCTION.

I

This assignment of error presents the question of whether the military judge erred in instructing the members that the defense of entrapment is foreclosed if they find that the commission of the instant drug-related offenses were motivated by profit. We conclude, as explained below, that the instruction was correct.

Appellant attacks the instruction on entrapment because the military judge included the following statement, which he reemphasized on two subsequent occasions, therein: "I advise you that profit motive will destroy an entrapment defense." (R. 832). The challenge does not extend to the remainder of the instruction, which the record of trial reflects was a complete and accurate statement of the law and application of the law to the pertinent facts of the case. In particular, we note that the instruction provided a comprehensive explanation of predisposition and its relation to the entrapment defense.

■ As argued by appellant, the essential inquiry into the existence of the defense of entrapment is whether the accused raising the defense was predisposed to commit the alleged criminal act. *United States v. Vanzandt,* 14 M.J. 332 (C.M.A.1982); *United States v. Garcia,* 1 M.J. 26 (C.M.A. 1975). If,. however, an accused enters into an unlawful transaction for the purpose of realizing a profit, he has not been entrapped, for the profit motive, not inducement on the part of agents of the Government, provides the incentive for the commission of the offense. As stated by the Court of Military Appeals in *United States v. Hebert,* 1 M.J. 84 (C.M.A.1975), "a profit motive foreclose[s] the defense of entrapment absent evidence of conduct by the

Government agents which violates 'fundamental fairness, shocking to the universal sense of justice.'" *Id.* at 86, quoting *United States v. Russell,* 411 U.S. 423, 432, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973). We concurred with this principle in *United States v. Dejong,* 13 M.J. 721 (N.M.C.M.R. 1982). *Accord, United States v. Shults,* 7 M.J. 524 (A.C.M.R.1979); *United States v. Young,* 2 M.J. 472 (A.C.M.R.1975). For the military judge to instruct thereon was therefore correct.[3]

■ We observe that the military judge did not instruct the members that, in the event they find the commission of the instant offenses to have been motivated by profit, the defense of entrapment is still available to appellant if the conduct of the Government agents was so outrageous as to violate "fundamental fairness, shocking to the universal sense of justice." *See United States v. Hebert, supra* at 86. All factual issues raised by the evidence must be instructed upon to assure that the accused is afforded a fair trial. *United States v. Verdi,* 5 M.J. 330 (C.M.A.1978). In the instant case, however, it is apparent that an instruction concerning such conduct was not necessary as nothing in the record even remotely suggests the requisite outrageous behavior on the part of the Government agents.[4] The Supreme Court in *United States v. Russell, supra,* clearly equates outrageous conduct with the violation of the due process clause of the Fifth Amendment.

Accordingly, the assignment of error is rejected.

II

■ In this assignment of error, appellant contends that the military judge's instruction on reasonable doubt was prejudicially erroneous. We disagree.

---

3. It is evident from the record of trial that the members were well informed on the complex issues of law and fact involved in the instant case, which we attribute to their extraordinary attentiveness, the performance of Government and defense counsel, and the guidance and learned instructions provided by the presiding military judge.

4. The military judge specifically found at trial that the conduct of the Government agents was not outrageous.

The contested portion of the instruction on reasonable doubt is as follows:

A reasonable doubt is a real doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt therefore is proof of such a convincing character that you would be willing to rely upon it without hesitation in the most important of your own affairs.

(R. 836). The defense did not object to the instruction as it was based upon a modification of the standard instruction proffered by individual civilian counsel.

It is error for an instruction to equate "reasonable doubt" with "substantial doubt." *United States v. Johnwell,* 15 M.J. 32 (C.M.A.1983); *United States v. Salley,* 9 M.J. 189 (C.M.A.1980). The instruction in the instant case, which equates "reasonable doubt" with "real doubt," was likewise erroneous because such an equation is confusing and, by potentially causing the members to abandon a subjective thought process in their deliberations, may increase the risk of conviction on a standard less onerous than reasonable doubt. *Cf. United States v. Cotten,* 10 M.J. 260 (C.M.A.1981). The Supreme Court's critical comments concerning a trial court's instruction which, in part, defined "reasonable doubt" as "real doubt" was persuasive in reaching this conclusion. *See Taylor v. Kentucky,* 436 U.S. 478, 488, 98 S.Ct. 1930, 1936, 56 L.Ed.2d 468 (1978). Such risk, however, is slight in comparison with the dangers involved in erroneously equating "reasonable doubt" with "substantial doubt" and, in general, the error is harmless. The military judge's incorporation of a hybrid instruction containing a modification of both the "willing to act" and the "hesitate to act" language was also erroneous. *See United States v. Johnwell, supra; United States v. Cotten, supra.*

■ In determining whether these instructional errors prejudiced appellant our examination must focus upon whether "a correct instruction *could* have led to a different verdict." *United States v. Cherry,* 14 M.J. 251, 252 (C.M.A.1982). It is our opinion, after applying this test, that the errors were not prejudicial and that appellant was not denied a fair trial thereby. While the instant case was "highly contested," the evidence presented at trial was overwhelmingly in favor of the Government. In any event, the defense not only failed to voice an objection at trial, generally a prerequisite for finding reversible error, *see United States v. Cherry, supra; United States v. Salley, supra,* but, in fact, proposed the now challenged instruction.

The error assigned is therefore rejected.

### III

■ We find no merit in this assignment of error for we are convinced beyond a reasonable doubt that appellant was not entrapped by Government agents in the instant case. The evidence introduced at trial overwhelmingly shows that appellant was predisposed to participate in the three unlawful transactions which resulted in the convictions presently under review. The Government, therefore, after the introduction by the defense of some evidence of inducement, met its burden of proving beyond a reasonable doubt that appellant was not entrapped. *See generally, United States v. Vanzandt, supra; United States v. Suter,* 21 U.S.C.M.A. 510, 45 C.M.R. 284 (1972).

### IV

Appellant contends that it was error for the military judge not to instruct the members on the defense of agency for specifications 2, 5, and 6 of Charge I and the specification under Charge II because his instructions regarding these specifications included an instruction on aiding and abetting. Specifications 2 and 5 of Charge I allege the attempted transfer of cocaine and methaqualone, respectively, and specification 6 alleges the attempted sale of methaqualone. The military judge properly instructed on the agency defense for specification 3 of Charge I, which alleges the attempted sale of cocaine, and contrary to appellant's contention above, the specification under

Charge II, which alleges the sale of marijuana.[5]

■■■■ When a potential defense is raised by the evidence the military judge is tasked with the responsibility of instructing the members thereon. *United States v. Jackson,* 6 M.J. 116 (C.M.A.1979). However, there was no reason for the military judge to give the agency instruction for the specifications in question. Specifications 2 and 5 of Charge I allege attempted *transfers* and not *sales* of illegal drugs and thus the defense was inapplicable to those offenses. Furthermore, appellant's testimony foreclosed the availability of the agency defense in regard to specification 6 because the testimony established his ownership of the drugs involved in the underlying transaction and demonstrated that he entered into the transaction in order to realize a profit. At the time this case was tried, the defense of agency was available to an accused if his participation in a drug transaction was limited to acting as a conduit for the purchaser. *United States v. Fruscella,* 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971). Thus, the defense was unavailable "to a procurer who profits from the transaction because, inasmuch as he derives a profit, he is acting for his own benefit and not the sole benefit of the purchaser." *United States v. Martinez,* 3 M.J. 600, 602 (N.C.M. R.1977).

Accordingly, the assignment of error is rejected.

The remaining assignments of error are likewise rejected. Furthermore, we find no errors in the instant trial which were materially prejudicial to the substantial rights of appellant and specifically conclude that the sentence awarded by the members, including the dishonorable discharge, is appropriate. The findings and sentence as approved on review below are affirmed.

---

**5.** We note that the defense of agency is no longer available to a military accused as a result of amendments to paragraph 213*g, Manual for Courts-Martial, 1969 (Rev.)* (MCM), effective 1 October 1982. *See United States v. Vanzandt,* 14 M.J. 332, 346 n. 19 (C.M.A.1982). An accused is presently charged with "distribution"—not sale—of illegal drugs "whether or not there exists an agency relationship." Paragraph 216*g*(3), MCM. Thus, the amendments appropriately remove contract principles from the realm of criminal law.