**UNITED STATES**

v.

**Airman First Class Robert J. O'DONNELL, FR 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, United States Air Force.**

**ACM 25201.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 Dec. 1985.

Decided 22 Aug. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Charles L. Wille.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr. and Lieutenant Colonel William H. Seckinger, USAFR.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

DECISION

LEWIS, Judge:

Despite his pleas the appellant was found guilty by members of conspiracy to steal military property, multiple larcenies and wrongful dispositions of military property. His sole defense at trial was that he was

entrapped by the enticements of Airman First Class D, a government source who had volunteered his services to investigators in identifying those involved in thefts and misappropriations of military property at Offutt Air Force Base. He now complains that he was prejudiced by an erroneous instruction to the members that the defense of entrapment is negated by proof of a profit motive. The Government concedes that the challenged instruction was incorrect, but argues that the appellant was not prejudiced. We agree that the challenged instruction was erroneous. In this case we find the error prejudicial, and we reverse.

■ The portion of the entrapment instruction of which the appellant complains reads:

> With respect to entrapment, you are further advised as follows: If an accused enters into an unlawful transaction for profit, he has not been entrapped, for the profit motive, not inducement on the part of agents of the government provides the incentive for commission of the offense. There is an exception to this rule and that is as follows: In the event you do find the offenses were motivated by profit, the defense of entrapment is still available if you also find that the conduct of the government agents in inducing the offenses was so outrageous as to violate fundamental fairness and be shocking to the universal sense of justice.
>
> To summarize, if the accused was an innocent person and was induced by government agents to commit crimes that otherwise would not have occurred, then he was entrapped and you must acquit him unless you find that he entered the unlawful conduct for profit, in which case the defense of entrapment is negated. Even then, however, the defense of entrapment is still available if you find the conduct of the government agents was so outrageous as to violate fundamental fairness and be shocking to the universal sense of justice.

It was error to submit the question of fundamental fairness of conduct by the government agent to the members, although the appellant was not prejudiced thereby. This is a due process issue to be determined by the military judge, when appropriate, as a matter of law. *United States v. Vanzandt*, 14 M.J. 332 (C.M.A. 1982), at 343, n. 11, citing *United States v. Gonzales*, 539 F.2d 1238 (9th Cir.1976). Therefore, the only parts of the instruction which concern us are those relating to the effect of profit motive. The language used was based on *United States v. Beltran*, 17 M.J. 617 (N.M.C.M.R.1983), *pet. denied*, 18 M.J. 440 (1984), in which the Navy-Marine Corps Court of Military Review adopted a rule that an accused's profit motive defeats his claim of entrapment. In *Beltran*, the Court upheld an instruction by the military judge given in the following terms: "I advise you that the profit motive will destroy an entrapment defense." The Court's rationale was stated as follows:

> If, however, an accused enters into an unlawful transaction for the purpose of realizing a profit, he has not been entrapped, for the profit motive, not inducements on the part of agents of the Government, provided the incentive for the commission of the offense.

*United States v. Beltran, supra*, at 620. *Beltran*, in turn, placed heavy reliance on *United States v. Hebert*, 1 M.J. 84 (C.M.A. 1975). Therein, the Court of Military Appeals, in examining the providency of a guilty plea when the appellant had admitted that he anticipated a profit from the distribution of marijuana, observed: "Such a profit motive foreclosed the defense of entrapment...." *United States v. Hebert, supra* at 86.

As the Government notes in its brief, the Army Court of Military Review has subsequently addressed this issue and has rejected the view that the existence of a profit motive *ipso facto* precludes the defense of entrapment. *United States v. Meyers*, 21 M.J. 1007 (A.C.M.R.1986). *Meyers* had not been decided when this case was tried and, thus, was not available for review by the military judge. The court in *Meyers* reached two conclusions with which we are

in agreement. First, the Court of Military Appeals in *Hebert* did not intend to establish a bright-line profit motive rule.[1] *Hebert* merely stressed a persuasive factor weighing against a claim of entrapment in the context of reviewing a providency issue. *United States v. Meyers, supra,* at 1012–1013. The Army court emphasized that *United States v. Vanzandt, supra,* in providing a virtual restatement of the law of entrapment, not only failed to enunciate a profit motive rule, but cited *Hebert* as standing for a more limited proposition that the possibility of entrapment is precluded when an accused immediately agrees to a sale of drugs and accepts money therefor without hesitation. *United States v. Meyers, supra,* at 1013, n. 7, citing *United States v. Vanzandt, supra,* at 343. We also concur with a second conclusion reached by the Army court that the presence or absence of a profit motive is one of several factors to be considered in determining an accused's predisposition to engage in criminal activity. *United States v. Meyers, supra,* at 1014. This is in accord with federal decisions treating profit motive as a key factor, but only one factor, to be weighed along with others relating to the issue of predisposition. *United States v. So,* 755 F.2d 1350 (9th Cir.1985); *United States v. McLernon, et al.,* 746 F.2d 1098 (6th Cir.1984); *United States v. Reynoso-Ulloa,* 548 F.2d 1329 (9th Cir.1977), *cert. denied,* 436 U.S. 926, 98 S.Ct. 2820, 56 L.Ed.2d 769 (1978); *United States v. Watson,* 489 F.2d 504 (3d Cir.1973); *Eisenhardt v. United States,* 406 F.2d 449 (5th Cir.1969); *Lathem v. United States,* 259 F.2d 393 (5th Cir.1958).

Even if we were to accept the view that profit motive should be singled out as a factor meriting special consideration by fact finders, the instruction in this case goes too far. It effectively advises that one who "enters into an unlawful transaction for profit" cannot avail himself of the entrapment defense. Such a sweeping rule of law virtually eliminates the defense of entrapment in all cases involving dispositions of stolen property, sales of contraband, and other alleged criminal transactions entered into in expectation of monetary gain. It is beyond our comprehension that *United States v. Hebert, supra,* as viewed in the *Beltran* decision, presaged such a revolutionary refocusing of case law. Changes of such magnitude do not occur in so subtle a fashion, nor do they go unrecognized for so lengthy a period.

The instruction is also faulty in failing to enunciate a meaningful relationship between profit motive and the appellant's predisposition, the key question to be determined when the entrapment issue is raised. *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *United States v. Vanzandt, supra.* The instruction draws no distinction between those situations in which one harbors a profit motive prior to contacts with the government agent[2] and those in which profit motive is suggested by the agent's inducements. The appellant testified that he found himself in dire financial straits and attempted unsuccessfully to borrow money from Airman D. The latter, he claimed, enticed him to commit the criminal acts by indicating that he could realize significant monetary returns if he could acquire certain items of government property for him and others not named. If the fact finders believed that his financial vulnerability had been exploited by the government agent, appellant's profit motive might have been viewed as government induced and more consistent with the lack of criminal predisposition than with its presence. Such a construction of evidence is discussed in *United States v. Dion, et al.,* 762 F.2d 674,

---

1. We doubt that the Court of Military Appeals would be eager to do so. *See United States v. Varraso,* 21 M.J. 129 (C.M.A.1985); *United States v. Kastner,* 17 M.J. 11 (C.M.A.1983), in which the Court discusses the problems inherent in attempting to determine criminal culpability on the basis of one's motive.

2. We do not address the question of what effect, if any, a pre-existing profit motive, without any criminal disposition attached, has on the issue of predisposition.

(8th Cir.1985), *rev'd on other grounds,* ⸺ U.S. ⸺, 106 S.Ct. 2216, 90 L.Ed.2d 767 (1986). As was noted in *United States v. Kaminski,* 703 F.2d 1004, 1008 (7th Cir. 1983), a substantial monetary inducement "may negate the inference normally drawn from a defendant's ready acquiescence to a suggestion that he commit a crime as even a person with no criminal predisposition may abandon his moral standards when the reward is substantial."

The Government, citing *United States v. Shaw,* 13 U.S.C.M.A. 144, 32 C.M.R. 144 (1962), argues that the profit motive instruction was not prejudicial to the appellant in this case because the issue of entrapment was not raised by the evidence. However, our review of the record satisfies us that the issue was raised. *United States v. Vanzandt, supra,* at 343, provides the following guidance on the entrapment defense:

First, the defense is not raised unless the accused's commission of the alleged criminal act is proven beyond a reasonable doubt and there is evidence that the suggestion or inducement for the offense originated with a government agent. Second, once the defense is raised, the Government must prove that the accused was predisposed to commit the criminal activity and needed only the opportunity to commit the crime. Third ... the issue must be resolved by the fact finder.

*See* R.C.M. 916(g).

Applying this test to the case at hand, there is no question that the appellant committed the offenses of which he was found guilty. He testified that Airman D initially proposed the criminal conduct. This testimony was sufficient to raise the issue of entrapment. As to the second aspect of the test, once he embarked on a course of criminal activity, he did so with a considerable degree of efficiency and recruited another airman to assist him. This is evidence which might well support an inference of a criminal predisposition. However, the court was allowed to consider other evidence of highly questionable validity, both as to its admissibility and its relevance. Airman D testified that he first became interested in the appellant and several others when Airman First Class P bragged to him that he and his roommates, of whom the appellant was one, had "all the bases covered" in Base Supply and could "steal the Air Force blind." No showing was made on the record of a criminal relationship or agreement existing between Airman P and the appellant. *See* M.R.E. 801(d)(2). Moreover, this is not the type of predisposition evidence which is envisioned by *United States v. Vanzandt, supra,* at 344:

Thus, the subjective test of entrapment involves balancing the accused's resistance to temptation against the amount of government inducement. The focus is on the accused's latent predisposition to commit the crime, which is triggered by the government inducement. The existence of reasonable suspicion by the police is immaterial, so there is no occasion to offer or receive evidence establishing whether or why any suspicion existed. Indeed, frequently the information which establishes reasonable suspicion is hearsay in nature and its consideration by court members, even under limiting instructions, may be prejudicial to the accused.

The details concerning the contacts between the appellant and Airman D prior to the commission of the offenses were in dispute. The general thrust of Airman D's testimony was that the appellant initially suggested that he could obtain items of military property for him if he were interested and that the details were worked out in subsequent discussions. Appellant's testimony was quite different. He insisted that Airman D repeatedly requested that he agree to obtaining military property for him and that he repeatedly declined. Airman D, he said, finally held out the promise of very attractive monetary rewards after becoming aware of the appellant's financial problems, and he, the appellant, succumbed to temptation. Two observations can be made about the state of this evidence, which was crucial to a proper weighing of appellant's "resistance to temptation

against the amount of government inducement." *United States v. Vanzandt, supra.* First, an obvious issue was raised concerning the credibility of the two primary witnesses, inasmuch as their testimony could not be reconciled. This was an issue to be resolved by the fact finders. *United States v. Collier,* 1 M.J. 358 (C.M. A.1976); *United States v. Lecappelain,* 9 M.J. 562 (A.F.C.M.R.1980). Secondly, as appellant's testimony clearly raised the issue of entrapment, this factor further supports the conclusion that the issue could be resolved only by the fact finders. The profit motive instruction effectively advised the fact finders that they could resolve the issue without weighing credibility of the witnesses or the factors relating to appellant's predisposition or lack of predisposition merely by finding that the appellant had entered "into an unlawful transaction for profit," a fact that was not disputed. This instruction deprived the appellant of the consideration to which he was entitled under the law, a determination by the fact finders on the issue of his predisposition.

Based on the foregoing we conclude that the profit motive instruction constituted prejudicial error in this case. Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judge STEWART concurs.

Senior Judge SESSOMS dissenting:

Unlike the majority, I do not find the challenged instruction to be materially prejudicial to the substantial rights of the appellant, and I would affirm.

Since the accused judicially confessed to the offenses of which he was convicted, and the evidence adduced could reasonably lead a fact finder to determine that he was not entrapped, the only question for this court to resolve is whether the issue of entrapment was fairly presented to the members for their consideration. I believe that it was.

The military judge delivered the standard instruction on entrapment from the Military Judge's Benchbook, Department of the Army Pamphlet (DA Pam) 27–9, May 1982. This instruction, in and of itself, was sufficient to adequately apprise the court members of their duties and responsibilities with regard to entrapment. However, the judge chose to further embellish this somewhat difficult facet of criminal law by adapting language from *United States v. Hebert,* 1 M.J. 84 (C.M.A.1975), and *United States v. Beltran,* 17 M.J. 617 (N.M.C.M.R. 1983), *pet. denied,* 18 M.J. 440 (1984). This instruction is quoted in the majority opinion but, for the sake of coherence, is repeated here:

With respect to entrapment, you are further advised: If an accused enters into an unlawful transaction for profit, he has not been entrapped, for the profit motive, not inducement on the part of agents of the government provides the incentive for the commission of the offenses. There is an exception to this rule and that is as follows: In the event you do find the offenses were motivated by profit, the defense of entrapment is still available if you also find that the conduct of the government agents in inducing the offenses was so outrageous as to violate fundamental fairness and be shocking to universal sense of justice. To summarize, if the accused was an innocent person and was induced by government agents to commit crimes that otherwise would not have occurred, then he was entrapped and you must acquit him unless you find that he entered into the unlawful conduct for profit, in which case the defense of entrapment is negated. Even then, however, the defense of entrapment is still available if the conduct of the government agents was so outrageous as to violate fundamental fairness and be shocking to the universal sense of justice. And, bear in mind, once again, that the burden to establish the guilt of the accused is upon the prosecution. To find the accused guilty, you must be *convinced beyond a reasonable doubt that he was not entrapped.* (Emphasis added).

**916**

In *United States v. Vanzandt*, 14 M.J. 332 (C.M.A.1982), Chief Judge Everett, in a survey opinion of the law of entrapment, held that in military courts, with one notable exception, the issue of entrapment must be resolved by the fact finder. The notable exception is that "the due-process defense is one of law for the trial judge," citing *United States v. Gonzales*, 539 F.2d 1238 (9th Cir.1976). Thus, it appears to be well established that there are two tests that are applied in some jurisdictions to those cases in which the defense of entrapment is raised. The first, and primary test, is the subjective, or balancing test, in which the fact finder is required to weigh the predisposition of the accused to engage in the type of criminal conduct with which he is charged, against the conduct of the government agents in inducing the accused to commit the offense. The second, or objective, test is one in which the trial judge removes the issue of entrapment from the fact finder because he has determined that there has been "such an intolerable degree of governmental participation in the criminal enterprise" that the accused would be deprived of the due process mandated by the constitution. The trial judge, in effect, makes a determination that the accused is not guilty.

Again, in the case *sub judice*, the trial judge instructed the court members: "If an accused enters into an unlawful transaction for profit, he has not been entrapped, for the profit motive, not the inducement on the part of the agents of the government provides the incentive for the commission of the offenses." It is the majority view that this statement removes the entrapment issue from the deliberation of the court members, and, in effect, amounts to a judicial determination that there was no entrapment. I disagree.

One could argue that this statement, taken out of context, is an erroneous statement of the law. In fact, appellate government counsel concede as much. They suggest, however, that it is not prejudicial error because the issue of entrapment was never raised by the state of the evidence. This would certainly seem to be true of the second series of thefts and the subsequent unlawful sale of the property stolen during those thefts. I find no facts that would support the theory that entrapment was an ongoing defense in this case.

When one considers the court's instruction on the issue of entrapment one is compelled to conclude that the court members were required to resolve the entrapment issue before they could find the accused guilty of the charged offenses. Regardless of the fact that the trial judge used some words, or terms, that have been used by appellate courts in discussing fundamental due process, the only reasonable interpretation of the judge's instruction, taken in its entirety, is that the court members were given the responsibility for balancing the conduct of the government informant against the predisposition of the accused to commit the charged offenses. This should not have been a formidable task for the members because the evidence of the accused's guilt and his predisposition to commit the offenses was substantial. I would affirm the findings and sentence.