UNITED STATES, Appellee,

v.

Kevin J. ECKHOFF, Seaman U.S. Navy, Appellant.

No. 57,619.

NMCM 86 1912.

U.S. Court of Military Appeals.

Oct. 17, 1988.

For Appellant: *Lieutenant Commander L. Sacciccio*, JAGC, USN (argued); *Lieutenant Commander Robert J. Smith*, JAGC, USN (on brief); *Lieutenant Mary E. Bolton*, JAGC, USNR.

For Appellee: *Lieutenant Commander Lawrence W. Muschamp*, JAGC, USN (argued); *Captain Wendell A. Kjos*, JAGC, USN (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

During February and March 1986, appellant was tried at the Naval Station, Treasure Island, San Francisco, California, by a general court-martial composed of officer and enlisted members. In accordance with his pleas, he was found guilty of two specifications of wrongful use of marijuana and one specification of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. Contrary to his pleas, he was found guilty of one specification alleging conspiracy to possess and distribute marijuana and cocaine, two specifications of violating a general regulation, one specification of wrongful possession of cocaine, one specification of wrongful distribution of marijuana, one specification of wrongful distribution of marijuana and cocaine, and one specification of wrongful appropriation, in violation of Articles 81, 92, 112a, and 121, UCMJ, 10 U.S.C. §§ 881, 892, 912a, and 921, respectively. On March 3, 1986, he was sentenced to a bad-conduct discharge, confinement for 30 days, forfeiture of $400.00 pay per month for 2 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence.[1] The Court of Military Review affirmed. 23 M.J. 875 (1987).

This Court granted review of the following issue:

---

1. GCMO 23–86 should be corrected to reflect that specification 7 of Charge III includes cocaine and marijuana; that the plea of guilty to specification 3 of Charge II was changed to not guilty; and that the sentence was adjudged on 3 March 1986.

WHETHER THE MILITARY JUDGE'S INSTRUCTION THAT PROFIT MOTIVE FORECLOSES THE DEFENSE OF ENTRAPMENT CONSTITUTES PLAIN ERROR.

We conclude that plain error occurred at appellant's court-martial as a result of this government-requested instruction. *See generally United States v. Fisher*, 21 M.J. 327, 328–29 (C.M.A.1986).

This appeal challenges the findings of guilty entered against appellant to the offenses of distribution of .58 grams of marijuana on July 19, 1985 (specification 6, Charge III); conspiracy to possess and distribute marijuana and cocaine on July 19, 1985 (specification of Charge I); distribution of 4.14 grams of marijuana and one-half gram of cocaine on the same date (specification 7, Charge III); and wrongful appropriation of $40.00 on July 26, 1985 (specification of Charge IV). These alleged offenses involved four persons: appellant, Private First Class Bryan Collier, Seaman Scott Eash and Private First Class Melissa Pompilius.

Evidence in the record of trial indicates that appellant was present for or involved in several drug transactions. On July 17, 1985, he drove PFC Collier to meet with Seaman Eash (an informant for the Naval Investigative Service) and PFC Pompilius (an undercover military policewoman). At this meeting, PFC Collier provided the marijuana that Eash requested. On July 19, 1985, appellant met with Eash and Pompilius and gave them marijuana for $8.00. The marijuana had previously been hidden in Eash's car by appellant, and he used the money to buy gasoline for both Collier's and my cars. Later that day, appellant and PFC Collier met with Eash and Pompilius, and a second transaction involving marijuana and $50.00 worth of cocaine took place. On July 26, 1985, pursuant to a request by Eash for cocaine, appellant sold him some ground-up aspirin for $40.00, saying it was cocaine, and took those proceeds to buy seat covers for his car. He later offered to return the $40.00, but Eash declined the money. Appellant was secretly photographed by the Naval Investigative Service (NIS) during some of these transactions, and the photographs were admitted against him at trial along with his subsequent confession.

At trial, appellant asserted, *inter alia,* the defense of entrapment. He partially based his claim to this defense on the testimony of PFC Collier, a prosecution witness testifying under immunity. PFC Collier testified that appellant was not involved in either the July 17 or July 19 drug transactions. He further testified that Eash approached him numerous times in appellant's presence, prior to and during these transactions, attempting to induce PFC Collier into selling him drugs. PFC Pompilius, another prosecution witness, testified that appellant was an active participant in the drug sales, thereby controverting the testimony of PFC Collier. Seaman Eash, a defense witness and former NIS registered source, testified that he badgered and hounded appellant at the command of his NIS control officer for two weeks, numerous times each day, finally overcoming appellant's refusal to sell him the drugs. Eash's testimony was substantially similar to PFC Collier's in describing appellant as having little to do with the actual drug transactions.

The Government requested that the standard bench book instruction on entrapment be supplemented by an instruction delineating the effect of a profit-motive on that affirmative defense. The military judge granted that request, and no objection was made by defense counsel. The prosecution then capitalized upon the proposed profit-motive instruction in its closing argument, as follows:

Let's talk about the cocaine that Collier was dividing in that car that afternoon. He said he kept half of it for himself. Now that very well might be considered a profit on this deal. *That's important because the application of the entrapment defense may change if you find any profit was made on either of the*

*deals in question. This is also why you have the seat covers in front of you.*
(Emphasis added.)

Ultimately, the judge gave the instructions which included the prosecution-requested passage below:

If you find that the accused entered into an unlawful transaction for the purpose of realizing a profit, he has not been entrapped. For the profit motive, not inducement on the part of government agents, provides the incentive for commission of the defense. *A profit motive forecloses the defense of entrapment, absent evidence of conduct by the government agents or people cooperating with them which violates fundamental fairness and is shocking to your universal sense of justice.*

(Emphasis added.)

After these instructions were given, the general entrapment instruction was clarified numerous times. Finally, the members particularly asked for an explanation of the effect of a profit motive on the defense of entrapment. They were again told that a profit motive foreclosed the defense of entrapment.

On review, the Court of Military Review concluded that the profit-motive instruction was incorrect. However, that court further concluded that any error that resulted was waived by failure to object.

---

According to R.C.M. 920(f), Manual for Courts-Martial, United States, 1984, Failure to object to an instruction or to omission of an instruction before the members close to deliberate constitutes waiver of the objection in the absence of plain error. In United States v. Fisher, 21 M.J. 327, this Court particularly defined plain error as follows:

In order to constitute plain error, the error must not only be both obvious and substantial, it must also have "had an unfair prejudicial impact on the jury's deliberations.

*Id.* at 328, quoting *United States v. Young,* 470 U.S. 1, 16 n.14, 105 S.Ct. 1038, 1047 n.14, 84 L.Ed.2d 1 (1985).

The granted issue asks us to apply the plain-error rule in the present case.[2] We first note that the instruction given by the military judge was unquestionably erroneous. The court below properly held that a profit motive does not automatically negate an entrapment defense. *See United States v. Meyers,* 21 M.J. 1007, 1013–14 (A.C.M.R.1986), and federal cases cited therein. At best, a profit motive is but one element in determining whether an accused was predisposed to commit the offense, and, therefore, it cannot act as a *per se* bar to the defense of entrapment. *See United States v. Fadel,* 844 F.2d 1425, 1433 (10th Cir.1988); *United States v. Perez-Leon,* 757 F.2d 866, 871 (7th Cir.1985); *United States v. So,* 755 F.2d 1350 (9th Cir.1985); *cf. United States v. King,* 803 F.2d 387 (8th Cir.1986). Indeed, the Supreme Court has consistently held that predisposition, not profit motive, is "the principal element in" an entrapment case. *See Mathews v. United States,* 485 U.S. 58, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988). Moreover, as the Air Force Court of Military Review correctly pointed out in *United States v. O'Donnell,* 22 M.J. 911, 913–14 (1986), a *per se* profit-motive bar virtually eliminates this defense when the government inducement itself was the promise of profits to the accused. We agree with that court that such a sweeping revolution in the law of entrapment was neither intended nor accomplished by the decision of this Court in *United States v. Hebert,* 1 M.J. 84 (C.M.A.1975). Accordingly, the judge's in-

**2.** We note that the decision in *United States v. Beltran,* 17 M.J. 617 (N.M.C.M.R.1983), was the basis for the prosecution's profit-motive-foreclosure argument. This decision had not been overturned or undermined by any subsequent ruling from the United States Navy-Marine Corps Court of Military Review at the time of appellant's trial. Contrary decisions from other

services were not found persuasive on this question until that court issued its opinion in appellant's case. 23 M.J. 875 (N.M.C.M.R.1987). Under these circumstances, it is entirely possible that any objection to the instructions requested by the Government would have been perceived as futile by defense counsel. *See United States v. Fisher,* 21 M.J. 327, 329 (C.M.A.1986).

struction was an obvious and substantial error within the meaning of *United States v. Fisher, supra.*

The second part of the plain-error rule is to show that the error had an unfair prejudicial impact on the jury's deliberations. In the instant case, the record clearly indicates that the members were deeply concerned with the defense of entrapment and the impact a profit motive on the part of appellant might have on it. First, there was an abundance of evidence of this defense provided in part by a government witness and the purported government provocateur himself, testifying as a defense witness in this case. Moreover, there was some evidence, both direct and circumstantial, that appellant engaged in these drug transactions for some type of gain. Second, the impact of the error was compounded by the prosecution's closing argument which focused on evidence of profit in this case and reemphasized the negative effect of a profit motive on appellant's defense of entrapment. Finally, twice during deliberations, the members reconvened and requested clarification of the entrapment instruction. One request specifically asked for clarification of profit consideration and resulted in repetition of the erroneous instruction. In this context, we conclude that appellant was materially prejudiced by the erroneous instruction.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to Charge I and its specification; specifications 6 and 7 of Charge III; and Charge IV and its specification; and the sentence. The findings as to those specifications and Charges, as well as the sentence, are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing on those specifications and the sentence may be ordered. If a rehearing is deemed impracticable, that court may reassess the sentence based on the remaining findings of guilty.

Chief Judge EVERETT and Judge COX concur.